UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICK DICK, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00494-SEP |
| | ) |
| DISCOUNT AUTO PARTS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the court on its own motion.[1] For the reasons set forth below, this case is remanded to the 21st Judicial Circuit Court, St. Louis County, Missouri.

### FACTS AND BACKGROUND

Plaintiff Patrick Dick slipped and fell on an icy sidewalk outside of an Advance Auto Parts store on January 28, 2021. Doc. [48] at 4. He sued Defendants Discount Auto Parts, Advance Auto Parts, NS Retail Holdings, and SMS Assist in state court. Doc. [5]. In April 2023, Defendants removed the case to this Court. Doc. [1]. At that time—and as required by 28 U.S.C. § 1332—complete diversity of citizenship existed between Plaintiff and Defendants.

After removal, Plaintiff moved to amend the Complaint to add Defendant All Season Maintenance, LLC. Plaintiff alleges that All Season was responsible for the snow and ice removal at the store where he fell. Doc. [48] at 3. Defendants consented to the amendment, Doc. [45-1], and the motion was granted. Doc. [46]. All Season filed its Disclosure Statement showing that its sole member is Mr. John Schieders, Jr., a citizen of Missouri. Doc. [70]. That makes All Season a citizen of Missouri for jurisdictional purposes. *See Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023). Therefore, the Court must consider whether to remand the case to state court.

### LEGAL STANDARD

Section 1332 of Title 28 of the United States Code gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

---

[1] "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (quoting *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004)).

$75,000, exclusive of interest and costs, and is between . . . citizens of different States." "The statute contains an important judicial gloss: the parties must be completely diverse from one another. *No* plaintiff can be a citizen of the same state as *any* defendant." *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1109 (8th Cir. 2023) (citations omitted) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Strawbridge v. Curtiss*, 7 U.S. 267, 267-68 (1806); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). When a case that meets § 1332's criteria is filed in a state court, the Defendant may remove the case federal court. 28 U.S.C. § 1441. But, if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.* § 1447(e). Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

## DISCUSSION

Remand is appropriate now that All Season Maintenance has been added as a Defendant. To determine whether to permit a joinder that would destroy subject matter jurisdiction the Court must "consider 1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (alterations in original) (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)).

Those factors all favor remand to the state Court. There is nothing to suggest that Plaintiff added All Season to destroy diversity jurisdiction. Though discovery, Plaintiff found out that All Season "was contractually involved in the responsibility for and hands on performance of the removal of the snow and ice at the location of the occurrence." Doc. [45] at 1. It makes sense that Plaintiff added All Season once he discovered its role in the incident. Nor is there anything to suggest that Plaintiff was dilatory in asking for the amendment. Plaintiff moved to amend the Complaint on October 9, 2023, almost a month before the November 3rd deadline for joinder of additional parties in the Case Management Order. Doc. [27]. Plaintiff also claims that he will be injured if the amendment is not allowed. Plaintiff argues that "the jury will be deprived of the ability to determine the facts regarding the liability of those who may have caused or contributed to cause plaintiff's injuries and damages." Doc. [45] at 2. Refusing to join All Season might also require Plaintiff to file a new case in state court. That would cause

significant expense for Plaintiff and waste judicial resources by having two suits stemming from the same event.

Other considerations of justice also favor remand.  Defendants consented to the Amendment and do not claim that the joinder was fraudulent.  *See* Doc. [45-1].  The case is still early in the discovery phase.  *See* Doc. [76] (Amended Case Management Order).  The parties have not yet invested significant time or resources litigating the case in this court.  And to the extent the parties have litigated the case—e.g., Defendant NS Retail Holdings' motions to dismiss and for summary judgment, Docs. [54], [73]—those filings can be easily refiled in state court.

Accordingly,

**IT IS HEREBY ORDERED** this case is **REMANDED** to the 21st Judicial Circuit Court, St. Louis County, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 31st day of January, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE